UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS IBARRA,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | Case No. 23-cv-01037-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 13 |

Defendant has filed a motion to dismiss plaintiff's second amended complaint. Dkt. No. 13. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing scheduled for July 7, 2023. For the reasons set forth below, the Court **GRANTS** defendant's motion, with leave to amend. **Plaintiff shall file the third amended complaint no later than July 19, 2023.**

## BACKGROUND

### I.  Factual Allegations[1]

Plaintiff Nicolas Ibarra, who is represented by counsel, is an individual with acute and chronic schizophrenia. SAC ¶ 6. On September 19, 2017, plaintiff applied for Supplemental Security Income ("SSI"). *Id.* He received his first SSI check nearly two years later, following a decision from the Administrative Law Judge ("ALJ") dated January 10, 2020. *Id.*

In December 2020, plaintiff made his first written complaint of disability discrimination by

---

[1] For the purposes of this motion to dismiss, the Court treats as true the factual allegations as stated in plaintiff's second amended complaint and draws all reasonable inferences in plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987); Dkt. No. 11 ("SAC").

letter.[2] *Id.* ¶ 5. On or about September 1, 2021, he filed SSA form 437 for civil rights complaints, alleging disability discrimination. *Id.* The Social Security Administration ("SSA") first acknowledged receipt in 2023. *Id.*

The SAC alleges, "On September 20, 2021, he had a second ALJ hearing on two issues: whether he was wrongly accused of being over the $2,000.00 resource limit for SSI disability, resolved in his favor, and whether he could get RA [reasonable accommodations] based on his disability, acute and chronic schizophrenia."[3] *Id.* ¶ 6. The SAC further states,

> Defendant's notices were unreasonable given Plaintiff's disability and Defendant's awareness thereof. Defendant knew Plaintiff's disability and resulting functional limitations based on his application for SSI disability benefits given the first ALJ decision which stated, in part, '... He is markedly limited in concentration, persistence or maintaining pace as he is easily distracted with his tangential thinking and auditory and visual hallucinations....'

*Id.* The second ALJ agreed plaintiff needed reasonable accommodations at the second hearing and "put in a SSA intranet request through [']*I Accommodate*'[,]" with no result for plaintiff. *Id.* Plaintiff disagrees with the ALJ's analysis of her jurisdiction and authority to grant the reasonable accommodations. *See id.* ¶ 8.

Plaintiff appealed the decision to SSA's Appeals Council. *Id.* ¶¶ 8-9. In the meantime, on September 14, 2022, plaintiff initiated negotiations with the SSA regarding the requested reasonable accommodations. *Id.* ¶ 9. The SAC further alleges,

> By letters included dated December 9 & 20, 2022, the SSA started granting the first of eight accommodations requested; however, by letter dated March 7, 13, 2023 [sic] Defendants changed their positions in retaliation against Plaintiff replied [sic] to both of the SSA's letters (Mr. Harris, Asst. General Counsel and Ms. Cephas, Director of the Center for Accommodations and Disability Services (CADS)) on April 27, 2023. . . . Plaintiff requested both an extension from the SSA's AC and tolling given the current negotiations by letter mailed January 21, 2023 with no response.

*Id.*

In the SAC, plaintiff seeks the following relief:

---

[2] The SAC states this letter was "dated December 9, 22, 2020." *See* SAC ¶ 5.

[3] The matter regarding the resource limit involved two "confessions" plaintiff made to the SSA that he had over a million dollars' worth of real estate in Mexico. SAC ¶ 7.

**WHEREFORE**, Plaintiff seeks judicial review by this Court and the entry of judgment for Reasonable Accommodations and due process violations while on SSI and/or SSDI, and such other relief as may be just and proper including but not limited to intentional abuse and retaliation of and against Plaintiff, and attorney fees and costs. Further that if this Court remands the case to the SSA, that it retains jurisdiction in a "Sentence 6 Remand." In the event this Court finds a lack of exhaustion, Plaintiff request [sic] the Court find waiver under *Bowen v. New York*, 476 U.S. 467, 106 S. Ct. 2022 (1986) based on futility, irreparable harm and collateral to [sic] benefits.

*Id.* at 9.

## II. Procedural History in This Court

On March 7, 2023, plaintiff filed this action against defendant Kilolo Kijakazi, Acting Commissioner of the SSA. *See* Dkt. No. 1. On March 14, 2023, plaintiff filed his first amended complaint. Dkt. No. 5. On May 8, 2023, defendant moved to dismiss. Dkt. No. 9. The following day, the Court issued an order indicating that it would permit plaintiff to file a second amended complaint in lieu of a response to the motion to dismiss, and that if plaintiff did so, the Court would deny without prejudice the motion to dismiss as moot. Dkt. No. 10.

On May 16, 2023, plaintiff filed a second amended complaint, which is now the operative complaint in this case. *See* Dkt. No. 11. Defendant has again moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that plaintiff's claim is moot because plaintiff received a fully favorable decision before the ALJ and that plaintiff fails to state a claim on which relief can be granted. Dkt. No. 13. Defendant attaches the November 2, 2021 ALJ decision to the motion. *See* Dkt. No. 13-2, Voegele Decl., Ex. 1. Plaintiff opposes, and defendant has filed a reply. Dkt. Nos. 17, 18.

## DISCUSSION

### I. Mootness

Defendant first argues that the ALJ's decision ruling in plaintiff's favor on the resource limit question deprives this Court of subject matter jurisdiction.

///

///

3

1     **A.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual."). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.    Analysis**

The Court declines at this time to dismiss the SAC on mootness grounds. Construing the facts in the light most favorable to plaintiff, the Court understands that plaintiff is challenging the portion of the ALJ's decision which found that the ALJ did not have jurisdiction to grant plaintiff's reasonable accommodation request. *See* SAC ¶ 8; Voegele Decl., Ex. 1. Defendant does not dispute that the reasonable accommodation matter remains unresolved. None of the cases that defendant cites involve a fact pattern such as that alleged in the SAC, where the SSA issued a favorable ruling on the benefits question but where the plaintiff continued to seek injunctive relief on a collateral issue that the ALJ declined to resolve. *See Favors v. Soc. Sec. Admin.*, No. 22-cv-262 (ABJ/GMH), 2022 WL 17370243, at *4 (D.D.C. Oct. 17, 2022) (*pro se* plaintiff did not seek relief other than the benefits which had been reinstated); *Richardson v. Saul*, No. 4:20-CV-33-DMB-JMV, 2021 WL 1156621, at *4 (N.D. Miss. Mar. 26, 2021) (adopting report and recommendation, which found that "Plaintiff has now received a reversal of the denial of her waiver request and has made no

supplemental claim that reimbursement of the recouped benefits is not forthcoming"); *Guillemette v. Colvin*, No. 15 C 6445, 2016 WL 5477538, at *3 (N.D. Ill. Sept. 29, 2016) (plaintiff did not dispute that the overpayment issue had been fully resolved in his favor).

Accordingly, the Court DENIES defendant's motion to dismiss on mootness grounds.

## II.     Failure to State a Claim

### A.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher*, 828 F.2d at 561. However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### B.     Analysis

The Court agrees with defendant that plaintiff's SAC fails to state a claim upon which relief

1  can be granted. Nowhere does the SAC clearly lay out "a short and plain statement of the claim
2  showing the pleader is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a)(2). The SAC contains a section
3  entitled "Causes of Action," but it is wholly unclear to the Court what this section is alleging as the
4  basis for this suit. Elsewhere, the SAC cites Section 504 of the Rehabilitation Act of 1973, the Due
5  Process Clause of the Fifth Amendment, "retaliation," "disability discrimination," and various SSA
6  regulations. But it remains unclear whether plaintiff intends to sue for violation of these laws or if
7  some of the legal authority is mentioned simply for context.

8  The SAC contains numerous factual allegations, but the Court cannot discern which allegations support plaintiff's claim. Some of the factual allegations are incoherent. For instance, the SAC states, "Moreover, this ALJ [Lunderman] misunderstood that Judge Patel was stating the case is a waiver case when she said it could proceed on two tracts." SAC ¶ 8. The SAC says nothing more about Judge Patel's relation to this case. The SAC also states,

> As can be read in Exhibit 1, there were other disability rights complaints letters in addition to the SSA's discrimination form No. 437; however, Defendant created a ruse to have ALJ Lunderman in her decision find that she had no jurisdiction by citing the wrong HALLEX manual section and regulation at 20 C.F.R. § 416.1439 which do not under the facts of this case lead to the conclusion that an ALJ has no jurisdiction. This orchestrated effort to conceal the ongoing victimization against the population with severe mental or developmental impairments further involved SSA's U.S. ALJ Alice Wexler who on or about September 22, 2022 called Plaintiff's co-counsel, Claudia Center, Legal Director of Disability Rights and Education Defense Fund (DREDF) to convince Ms. Center to believe the ALJ Lunderman did the right thing by finding ALJs have no jurisdiction over Section 504 cases.

SAC ¶ 15.

It is as though the Court has been dropped into the middle of the parties' years-long dispute without a compass. Rather than clarifying the claims, plaintiff's opposition brief only adds further confusion. For example, plaintiff for the first time in the opposition brief alleges that he did not receive the legally required number of days to prepare for his hearing before the ALJ. *See* Opp'n at 4 (alleging he received 13 business days' notice instead of 75 days). Plaintiff's opposition brief also references a "companion case" for the first time. *See* Opp'n at 6. Plaintiff argues that this "companion case" shows "SSA's way of attempting to delude this court" by issuing decisions labeled "fully favorable" when the decisions are not in fact fully favorable. *See id.* Plaintiff says "[t]hese 2 people with severe mental disabilities are victimized," explaining in a footnote, "One is

6

Plaintiff and the other maybe a co-plaintiff." *Id.* at 6 & n.5.

It may be that plaintiff's underlying claims are meritorious. But this case cannot proceed past the motion to dismiss phase if neither the defendant nor the Court can discern the legal basis for plaintiff's claims. Accordingly, the Court GRANTS defendant's motion to dismiss the SAC for failure to state a claim. Plaintiff has filed three versions of the complaint on his own. The Court will give him one final opportunity to amend his complaint to bring it into compliance with Federal Rules of Civil Procedure 8 and 12.

**In amending, plaintiff shall <u>clearly articulate</u> what claims for relief (causes of action) he is bringing. In doing so, for each claim, plaintiff shall plainly allege "enough facts to state a claim to relief that is plausible on its face."** *See Twombly***, 550 U.S. at 570. The Court advises plaintiff to have a clear, separate heading for each claim, and to state the facts supporting the claim in the section under the heading. Plaintiff shall allege these facts <u>in the complaint itself</u>.** Plaintiff's use of "incorporating by reference" various exhibits attached to the SAC has proven ineffective; it does nothing to clarify what facts plaintiff relies on to support his claims. Although plaintiff may attach further documentation if he wishes, the Court will not engage in guesswork by picking through plaintiff's numerous communications with the SSA to try to divine which facts plaintiff believes support which claims.

### III.   Administrative Record

Plaintiff objects that the government is withholding the administrative record in this case. Opp'n at 2 & n.1. The federal Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), which went into effect December 1, 2022, specifically state that a motion under Federal Rule of Civil Procedure 12 "alters the time to answer as provided by Civil Rule 12(a)(4)." Fed. R. Civ. P. Supp. SS 4(d). Federal Rule of Civil Procedure 12(a)(4) states, in part, that if the court denies the Rule 12 motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). Accordingly,

the timeline for defendant to serve a responsive pleading in this case has not yet run.[4]

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion to dismiss the SAC, with leave to amend. **Plaintiff shall file the third amended complaint no later than July 19, 2023.**

**IT IS SO ORDERED**.

Dated: July 5, 2023

SUSAN ILLSTON
United States District Judge

---

[4] Defendant has submitted a copy of the second ALJ decision, that is, the decision of ALJ Lunderman dated November 2, 2021. *See* Dkt. No. 13-2, Voegele Decl., Ex. 1.

The Court is troubled by plaintiff's repeated misrepresentation of ALJ Lunderman's decision. In the motion to dismiss, defendant notes that plaintiff represents his own statement of the case as if it were a finding of the ALJ herself. *See* Mot. at 7. Rather than conceding the error, in his opposition brief plaintiff doubles down on this. Plaintiff misquotes the ALJ as having said, "[S]ince the SSI Applicant is diagnosed with schizophrenia and acutely psychotic, he is not currently able to access the SSA programs in an equal meaningful way . . . ." *See* Opp'n at 2. In fact, the ALJ stated, "**The representative contends** since the SSI Applicant is diagnosed with schizophrenia and acutely psychotic, he is not currently able to access the SSA programs in an equal meaningful way . . . ." *See* Voegele Decl., Ex. 1 at 6 (emphasis added).