UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS IBARRA,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>    Defendants. | Case No. 23-cv-01037-SI<br><br>**ORDER:**<br>**--GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS TAC;**<br>**--DENYING ADMINISTRATIVE MOTION TO AMEND;**<br>**--STRIKING FAC;**<br>**--ORDERING PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. Nos. 30, 37 |

Now before the Court are two contested motions: defendant's motion to dismiss the third amended complaint ("TAC") and plaintiff's administrative motion to amend the third amended complaint or the fourth amended complaint. Dkt. Nos. 30, 37. The Court held a hearing on October 6, 2023.

**BACKGROUND**

**I.    Factual Allegations**

Plaintiff Nicolas Ibarra, who is represented by counsel, is an individual with acute and chronic schizophrenia. Dkt. No. 25, TAC at 2.[1] Plaintiff attaches to the TAC two prior administrative law judge ("ALJ") decisions, among other documents. Based on the allegations and the exhibits, it appears that on January 10, 2020, an ALJ found plaintiff eligible for Supplemental

---

[1] The Court does not refer to paragraph numbers in the Third Amended Complaint, as many of the paragraph numbers are out of order and several numbers are repeated throughout the complaint. Unless otherwise indicated, citations to exhibits are to the ECF-stamped page numbers on the top righthand corner of the page.

Security Income ("SSI") benefits as of September 19, 2017. Dkt No. 25-2 at 6. After that eligibility determination but before he began receiving benefits, plaintiff reported to the agency that he owned land in Mexico. *Id.* at 8. It appears that he did so in a "Statement of Income and Resources" and in an agency interview. *See id.*

On March 9, 2020, the Social Security Administration ("SSA") issued a notice indicating plaintiff was not eligible for SSI benefits "due to excess resources over the allowable program limit of $2,000.00 for October of 2017 due to real property owned in Mexico." *Id.* at 6. Plaintiff filed a request for reconsideration, and the SSA affirmed its determination in July 2020. *Id.* In December 2020, in addition to a request for reconsideration, plaintiff "submitted a Reasonable Accommodation request" to secure "equal [meaningful] access to Social Security programs by providing 'effective communication' in the same manner requested and granted in *Davis v. Astrue* and *Doe v. Astrue*, June 19, 2012, Case Nos. C 06-6108 and C 09-980." *Id.* at 6; *see also* TAC at 2 (alleging first written complaint of disability discrimination submitted by letter dated December 22, 2020); TAC at 3 (first request for reasonable accommodation under Section 504 of the Rehabilitation Act submitted December 2020).

In February 2021, plaintiff filed a written request for a hearing. Dkt. 25-2 at 6. On or about September 6, 2021, plaintiff filed an administrative civil rights complaint, his "second request for effective communication with the SSA[.]" TAC at 6. On September 20, 2021, plaintiff had a second administrative hearing before ALJ MaryAnn Lunderman. Dkt. 25-2 at 6.

On November 2, 2021, ALJ Lunderman issued a "fully favorable" decision finding that plaintiff's resources did not exceed the SSI eligibility limits. *Id.* at 2, 9. The ALJ found that "the evidence establishes the SSI Applicant does not own the property he initially reported he owned in Mexico. The various statements submitted establish this property is communal land owned by the country and the SSI Applicant has no right to claim any ownership." *Id.* at 9.

In response to plaintiff's December 2020 request for reasonable accommodations, ALJ Lunderman determined that under HALLEX I-2-4-30[2] and 20 C.F.R. § 416.1430 plaintiff had "no

---

[2] "HALLEX" refers to the SSA's Hearings, Appeals, and Litigation Law Manual. *See* https://www.ssa.gov/OP_Home/hallex/hallex.html (last visited October 12, 2023).

1  right to request a hearing" on this matter. *Id.* at 6. The ALJ explained that "*Doe v. Astrue*
2  specifically states a civil rights claim is severable from the underlying case and does not need to be
3  subject to exhaustion of administrative remedies." *Id.* The ALJ further found that plaintiff had
4  failed to object "to the issues as set forth in the hearing notice" and that any objection should have
5  been indicated in writing. *Id.* The ALJ concluded, "Therefore I must fine [sic] the reasonable
6  accommodation request is not an issue before me. Nevertheless, in accordance with HALLEX I-3-
7  0-88, I notified the appropriate reasonable accommodation office of this request through the
8  iAccommodate system." *Id.*

9  Plaintiff received his first SSI benefits "nearly 2 years after" the first ALJ decision approving
10 his application in January 2020. TAC at 2. Plaintiff is currently an SSI recipient. *Id.*

11 Plaintiff appealed ALJ Lunderman's decision to the Appeals Council. *Id.* at 2, 4. On
12 September 14, 2022, while the case was pending before the Appeals Council, "Plaintiff[] initiated
13 negotiations with the SSA over the RAs [reasonable accommodations] to Mr. Harris, Ass. General
14 Counsel . . . ." *Id.* at 4. On December 29, 2022, the Appeals Council denied the request for review.
15 *Id.* at 2. Plaintiff received the notice of denial on January 12, 2023. *Id.* The notice stated that
16 plaintiff had sixty days to file a complaint in federal district court. *Id.*

17

18 **II.     Procedural History in This Court**

19 On March 7, 2023, plaintiff filed this action against defendant Kilolo Kijakazi, Acting
20 Commissioner of the SSA. Dkt. No. 1. On March 14, 2023, plaintiff filed his first amended
21 complaint. Dkt. No. 5. On May 8, 2023, defendant moved to dismiss. Dkt. No. 9. The following
22 day, the Court issued an order indicating that it would permit plaintiff to file a second amended
23 complaint in lieu of a response to the motion to dismiss, and that if plaintiff did so, the Court would
24 deny without prejudice the motion to dismiss as moot. Dkt. No. 10.

25 On May 16, 2023, plaintiff filed a second amended complaint. Dkt. No. 11. Defendant
26 moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that
27 plaintiff's claim was moot because plaintiff received a fully favorable decision before the ALJ and
28 that plaintiff failed to state a claim on which relief could be granted. Dkt. No. 13. On July 5, 2023,

the Court denied defendant's motion to dismiss on mootness grounds but granted the motion to dismiss for failure to state a claim, with leave to amend. Dkt. No. 20. The Court gave plaintiff until July 19, 2023, to file the third amended complaint. *Id.* at 8. On July 15, 2023, plaintiff filed the third amended complaint, which is now the operative complaint. *See* Dkt. No. 25.

The TAC states that the "crux of the discrimination claim" is the denial of "meaningful program access" as a result of ineffective communication. TAC at 4. The TAC invokes this Court's jurisdiction under 42 U.S.C. § 405(g), (h), stating, "Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), (h) to appeal a final decision of the SSA that denied Plaintiff his rights under Title XVI of the Social Security Act, Section 504 of the Rehabilitation Act of 1973 (Sec. 504), as amended, the Due Process Clause of the Fifth Amendment to the U.S. Constitution and systemic disability abuse including a reprisal for filing this complaint." *Id.* at 2. In the TAC, plaintiff seeks the following relief:

> WHEREFORE, Plaintiff seeks judicial review by this Court and the entry of judgment for Reasonable Accommodations, due process violations while on SSI and/or SSDI, and for the reprisal of taking back a RA given by letter dated December 20, 2022 and then withdrawn upon filing of this complaint and such other relief as may be just and proper including but not limited to intentional abuse and retaliation of and against Plaintiff by the SSA targeting him as part of the population with schizophrenia and other psychoses, and for attorney fees and costs.
>
> Further, if Defendant files any more motions to Dismiss, they require [sic] leave of Court first for this or a related case[], if any and that if this Court remands the case to the SSA, that it retains jurisdiction. Finally, if this Court deems it necessary to Order an amended complaint in furtherance of justice, Plaintiff requests leave of Court to do so.

*Id.* at 12 (footnote omitted).

Defendant has again moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's pleadings fail to state a claim on which relief can be granted. Dkt. No. 30. On the day after plaintiff filed his opposition brief, he also filed a proposed fourth amended complaint ("FAC"). *See* Dkt. No. 35. Defendant filed a reply brief, Dkt. No. 36, and later that day plaintiff filed an administrative motion to amend either the TAC or FAC, to add information in support of his "reprisal" claim, regarding a letter that plaintiff received from the SSA on August 21 or 22, 2023. Dkt. No. 37. Defendant opposes plaintiff's administrative motion. Dkt. No. 38.

4

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2), 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege enough facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## DISCUSSION

### I. Motion to Dismiss

In its prior order, the Court instructed that it would give plaintiff "one final opportunity to amend his complaint to bring it into compliance with Federal Rules of Civil Procedure 8 and 12." Dkt. No. 20 at 7. The Court further instructed that "**plaintiff shall clearly articulate what claims for relief (causes of action) he is bringing. . . . The Court advises plaintiff to have a clear, separate heading for each claim, and to state the facts supporting the claim in the section under the heading. Plaintiff shall allege these facts in the complaint itself**." *Id.*

The TAC provides headings for three causes of action: violation of Section 504 of the Rehabilitation Act of 1973; violation of due process under the Fifth Amendment; and "Efforts of the SSA to not afford plaintiff accommodations; systemic disability abuse continuation."[3] TAC at 4, 8-9.

Defendant argues that plaintiff's TAC lacks "clear notice of the claims he asserts against defendant" and that it does not "state a claim upon which relief may be granted. . . ." Dkt. No. 30 at 5. Defendant urges dismissal be with prejudice, given that the TAC is plaintiff's fourth version of the complaint. The Court will address each cause of action in turn.

#### A. Section 504 of the Rehabilitation Act

A Section 504 discrimination claim requires a showing that: (1) the plaintiff has a disability; (2) the plaintiff is "otherwise qualified" to participate in or receive the benefits of a program; (3) the plaintiff was denied participation in or the benefits of a program "solely by reason of his disability;" and (4) the program received federal financial assistance or was conducted by an Executive agency. 29 U.S.C. § 794(a); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Discrimination solely by reason of disability occurs when a program "effectively denies otherwise qualified handicapped individuals the meaningful access to which they are entitled. . . ." *Alexander v. Choate*, 469 U.S. 287, 300 (1985).

---

[3] The TAC also references "reprisal" in several places but does not state this as a standalone cause of action. Plaintiff's reprisal claim is addressed in Section II, below.

1	Plaintiff claims the SSA violated Section 504 of the Rehabilitation Act (45 C.F.R. § 85.41) due to its failure to allow "meaningful program access . . . [through] effective communication. . . ." TAC at 4. Plaintiff states that his diagnosis of schizophrenia and acute psychosis precludes access to "SSA programs in an equal meaningful way; e.g., communication on income and resource eligibility requirements for SSI benefits." *Id.* at 5. Plaintiff alleges multiple attempts to obtain the reasonable accommodations from *Davis v. Astrue* and *Doe v. Astrue*, two lawsuits in which litigants (not Mr. Ibarra) obtained the accommodations that Mr. Ibarra now seeks here. *See id.* at 7-8.

Defendant contests only whether plaintiff has adequately pled element three, arguing that plaintiff provides "no facts from which the Court could infer that he was denied a benefit of the program solely by reason of his disability." Dkt. No. 30 at 6. Defendant also notes that a disability discrimination claim may be based on one of three theories: disparate impact, disparate treatment, or failure to provide reasonable accommodations. *See id.* (quoting *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021)). While noting that the TAC does not specify the theory of liability that plaintiff asserts, defendant acknowledges that the allegations of the complaint "suggest[] that he alleges a failure to make a reasonable accommodation." *Id.* Nevertheless, defendant argues this theory must fail because "Plaintiff does not even allege what reasonable accommodation he required and was denied." *Id.* at 6-7.

The Court DENIES defendant's motion to dismiss the Section 504 claim. Although the complaint could be clearer, at issue is whether plaintiff was denied meaningful access to SSI benefits solely by reason of his disability. Crediting the allegations as true, as the Court must at this stage, plaintiff alleges that he was denied meaningful program access, in the form of continuing SSI benefits to which he was otherwise eligible, solely because his schizophrenia prevented him from communicating effectively with the SSA. *See* TAC at 3. He alleges multiple attempts to obtain reasonable accommodations that would provide him with the ability to communicate effectively with the SSA.

Although plaintiff's opposition brief confusingly references disparate treatment and disparate impact in several places, *see* Dkt. No. 33 at 5-6, the TAC itself clearly forwards a theory of failure to provide reasonable accommodations, as defendant concedes. *See, e.g.*, TAC at 2 ("The

7

1  only issue before the AC was whether the SSA has jurisdiction to provide Reasonable
2  Accommodations (RA) under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (Sec. 504) and
3  injunctive relief for Plaintiff receiving RA based on his functional limitations."); Dkt. No. 30 at 6.
4  The TAC adequately alleges that plaintiff made an individualized request for accommodations. *See,*
5  *e.g.*, TAC at 3.  Whether those accommodations were in fact based on plaintiff's individualized
6  needs, which defendant argues they were not, *see* Dkt. No. 30 at 6-7, is beyond the scope of a motion
7  to dismiss.  For the purposes of surviving a motion to dismiss, the Court finds plaintiff has
8  sufficiently pled a Section 504 violation.

### B.     Due Process

An essential principle of due process is that a deprivation of life, liberty or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted). Proper notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). To state a due process claim under *Mullane*, a "plaintiff must sketch a cognizable legal theory, and support it with facts, that defendant's notices were unreasonable given plaintiff's disability and defendant's awareness thereof." *Doe v. Astrue*, No. C 09-00980 MHP, 2009 WL 2566720, at * 15 (N.D. Cal. Aug. 18, 2009).

In his TAC, plaintiff relies on *Mullane*.  *See* TAC at 8.  Plaintiff alleges that "Defendant's notices were unreasonable given Plaintiff's disability and Defendant's awareness thereof." *Id.* In addition, plaintiff states that the SSA field office's "processing Plaintiff's disability benefits, even had it been in writing, is violative of due process and, as such, did not afford Plaintiff an opportunity to respond and have meaningful program access, the program being the SSA's SSI and/or SSDI disability benefits." *Id.* Plaintiff directs the Court to the administrative record to show that the SSA knew or should have known about his difficulty with communication based on his diagnosis and his history of hospitalizations, which were presented to the ALJ. *Id.* at 6.

Defendant argues that "even if [plaintiff] alleges a property interest to which due process

1    protections attach, the procedural safeguards available to him were sufficient." Dkt. No. 30 at 8.
2    Defendant notes that "Plaintiff had a hearing before an ALJ, who ultimately granted his benefits."
3    *Id.*

4          The Court GRANTS defendant's motion to dismiss plaintiff's due process claim.  Plaintiff
5    has failed to sketch a cognizable legal theory, supported with facts, that defendant's notices were
6    unreasonable given plaintiff's disability and defendant's awareness thereof.  *See Doe*, 2009 WL
7    2566720, at * 15.  The TAC is devoid of any factual allegations to support plaintiff's theory that the
8    "notice" he received was constitutionally inadequate.  The TAC does not explain what notice he is
9    challenging.  Plaintiff appears to challenge the result of the interview the SSA conducted before his
10   benefits commenced, but nowhere does he describe what "notice" he received or why it was lacking.
11   A cognizable legal theory is one that satisfies the requirements of Federal Rules of Civil Procedure
12   Rule 8(a).  Without the requisite factual support, plaintiff's allegations are merely conclusory and
13   subject to dismissal.

14         As such, the Court GRANTS defendant's motion to dismiss the due process claim.  Because
15   this is plaintiff's fourth version of his complaint, and the Court previously admonished that it would
16   give plaintiff "one final opportunity" to state a claim supported by factual allegations within the
17   complaint itself (and not by attaching numerous exhibits without explanation), dismissal of the due
18   process claim is with prejudice.  *See* Dkt. No. 20 at 7.

19

20       **C.**    **"Systemic Disability Abuse Continuation"**

21         Defendant also moves to dismiss plaintiff's third cause of action, "Efforts of the SSA to not
22   afford plaintiff accommodations; systemic disability abuse continuation."  *See* TAC at 9-12; Dkt.
23   No. 30 at 9.  Defendant argues that this claim is "unintelligible."  *Id.*  Defendant emphasizes the
24   "myriad unclear and conclusory allegations" of the TAC and plaintiff's failure to cite authority for
25   "his theory of liability."  *Id.*  The Court agrees that the TAC fails to state a claim for relief under
26   this theory.

27         Plaintiff makes numerous conclusory allegations in support of the continuation of systemic
28   disability abuse claim.  Plaintiff alleges that ALJ Lunderman's finding that she did not have

jurisdiction over the reasonable accommodations request was a "subterfuge" because she cited the wrong section of the SSA manual. TAC at 9. Plaintiff further alleges that there was an "orchestrated effort to conceal, what appears to be an ongoing victimization against the population with severe mental or developmental impairments[,]" as evidenced by a different ALJ calling plaintiff's co-counsel in September 2022 "to convince us to believe that ALJ Lunderman did the right thing . . . ." *Id.* The complaint also alleges that the SSA required a Continuing Disability Review ("CDR") of plaintiff in 18 months. *Id.* at 10-11. The TAC draws a connection between plaintiff's CDR and President Biden's termination of former SSA Commissioner Andrew Saul and Dep. Commissioner Black. *See id.* at 10. The TAC alleges that because plaintiff "has had this psychosis all his life and . . . there is no cure for schizophrenia[,]" doing a CDR within 18 months is "cruel and unusual treatment or excessive fines" in violation of the Eighth Amendment, though plaintiff does not explicitly bring an Eighth Amendment claim. He alleges that the SSA committed a reprisal by either not implementing the requested reasonable accommodations or withdrawing the reasonable accommodations shortly after plaintiff filed this lawsuit. *Id.* at 10-11. The TAC also contains allegations regarding the organizational structure of the SSA. *See id.* at 11.

The Court GRANTS defendant's motion to dismiss the systemic abuse claim. Plaintiff has failed to provide "a short and plain statement of the claim showing that [he] is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a)(2). The legal authority for plaintiff's claim is unclear, and the factual allegations are unintelligible. Even construing the allegations generously, the TAC fails to plausibly allege that *plaintiff* was a victim of some sort of systemic "subterfuge" by the agency. *See* TAC at 9. Because plaintiff has failed to state a claim according to the instructions in the Court's prior order, *see* Dkt. No. 20 at 7, and because plaintiff has already had multiple attempts at amendment, the Court dismisses the "systemic disability abuse continuation" claim with prejudice.

**D.     Administrative Appeal under 42 U.S.C. § 405(g)**

In the TAC, plaintiff invokes this Court's jurisdiction under the general review provision of the Social Security Act, 42 U.S.C. § 405(g), (h). *See* TAC at 2. Plaintiff asserts that the ALJ improperly relied on HALLEX I-2-4-30 and 20 C.F.R. § 416.1430 to deny his request. *Id.* at 3.

1  According to plaintiff, the cited authority does not apply because the SSA, not plaintiff, "fail[ed] to
2  issue an initial or reconsidered decision" regarding plaintiff's reasonable accommodation requests.
3  *Id.* Plaintiff's prayer for relief includes "judicial review" and "entry of judgment for Reasonable
4  Accommodations." *Id.* at 12.

5  At the hearing on the motion to dismiss, plaintiff confirmed that this case is *both* an
6  administrative appeal of a final decision by the agency *and* a civil rights complaint asserting discrete
7  causes of action. Also at the hearing, plaintiff's counsel for the first time alleged that ALJ
8  Lunderman made oral findings that plaintiff required reasonable accommodations and ordered those
9  accommodations be provided, but that ALJ Lunderman's written decision went back on those
10 findings, instead stating that the reasonable accommodation issue was not properly before her.

11 Under Federal Rule of Civil Procedure 8(e), courts must construe complaints "so as to do
12 justice." Fed. R. Civ. P. 8(e). Here, the Court understands the TAC to be, in part, an appeal of ALJ
13 Lunderman's decision on the reasonable accommodation request. Plaintiff adequately alleges that
14 he has exhausted his administrative remedies, and defendant does not raise failure to exhaust as
15 grounds for dismissal at this time. The Court finds that the TAC sufficiently states the issue and
16 provides defendant with fair notice of the claim and the grounds upon which it rests. The Court will
17 allow the appeal of ALJ Lunderman's decision to move forward, in conjunction with plaintiff's
18 claim for relief under Section 504 of the Rehabilitation Act.

19

20 **II.     Proposed Fourth Amended Complaint**

21 As noted above, plaintiff filed a proposed Fourth Amended Complaint ("FAC") in
22 conjunction with his opposition brief. *See* Dkt. No. 35. The opposition states that plaintiff "would
23 and hereby does amend the TAC for clarity purposes. This minimally modified, for more clarity,
24 Proposed Fourth Amended Complaint is filed concurrently herewith." Dkt. No. 33 at 3. Plaintiff
25 did not seek leave of the Court or otherwise file a motion for permission to file a FAC. In the reply
26 brief, defendant argues that the FAC is subject to dismissal on the same grounds as the TAC, and so
27 amendment would be "futile" under Federal Rule of Civil Procedure 15. Dkt. No. 36 at 6.
28 Construing plaintiff's filing as a motion for leave to file a fourth amended complaint, the

11

Court DENIES leave to file the proposed FAC. The FAC lists four causes of action, adding a discrete claim for "reprisal" in addition to the three claims stated in the TAC. Plaintiff's prior claims (Section 504, due process, and systemic abuse) are not materially different in the FAC than in the TAC, leaving only reprisal for the Court's consideration.

Defendant argues that the reprisal claim is subject to dismissal because plaintiff failed to identify the authority that supports such a claim. Dkt. No. 36 at 5. Defendant adds that plaintiff did not "plead plausible facts from which the Court can infer" that the SSA retaliated against plaintiff. *Id.* The Court agrees on both grounds.

In the FAC, plaintiff alleges that in a letter dated December 20, 2022, the SSA agreed to one accommodation out of the eight that plaintiff had requested: that is, the designation of two staff people from the Redwood City field office, "skilled in communication with people with schizophrenia," to work with plaintiff. FAC at 10. The FAC further alleges that the SSA withdrew this accommodation "shortly after" plaintiff filed this lawsuit. *Id.* Plaintiff states that on an April 2023 phone call, the SSA informed his counsel "that until the SSA's headquarters allowed the accommodation to proceed it was no longer in effect." *Id.*

This claim fails for several reasons. First, the Court agrees with defendant that the claim is subject to dismissal because plaintiff failed to identify the legal authority on which the claim stands. Second, the reprisal allegations of the FAC rest on facts known to the plaintiff prior to filing the TAC; plaintiff has shown no reason why this claim could not have been included in previous versions of the complaint, and particularly in the third amended complaint, which the Court made clear was plaintiff's "final opportunity" to amend by a date certain. *See* Dkt. No. 20 at 7.

For these reasons, the Court STRIKES plaintiff's proposed Fourth Amended Complaint (Dkt. No. 35) from the docket. *See Van v. Black Angus Steakhouses, LLC*, No. 5:17-CV-06329-EJD, 2018 WL 2763330, at *2 (N.D. Cal. June 8, 2018) (under the district courts' "inherent power to control their dockets, to manage their own affairs, and to determine what appears in the court's records[,] . . . the district court may sua sponte strike a document filed in violation of procedural rules or court orders") (citations omitted).

12

### III. Plaintiff's Administrative Motion to Amend Either the TAC or FAC

The Court likewise DENIES plaintiff's administrative motion to amend either the TAC or the FAC. *See* Dkt. No. 37. Plaintiff filed this motion shortly after defendant filed the reply brief in support of the motion to dismiss, and defendant opposes the administrative motion.

In the administrative motion, plaintiff requests leave to amend the TAC or proposed FAC to include "new evidence related to the Retaliation Cause of Action," that is, an August 22, 2023 letter from the SSA "report[ing] that the accommodation of designated District Office staff had been granted and had not been revoked." Dkt. No. 37-1, Center Decl. ¶ 15. Plaintiff states that defendant "appears to put back the accommodation removed in retaliation for filing Mr. Ibarra's complaint" and that this shows the SSA is now "attempting to retroactively change facts" and cover up the reprisal. *Id.* at 2.

The Court denies the administrative motion for the same reasons it denies leave to file the FAC, as described above. The reprisal claim was improperly brought. Even if it were not, the "new evidence" contains no facts that would save the claim from dismissal. To the contrary, the August 2023 letter seems to indicate that the "reprisal" that plaintiff thought the SSA had taken against him (i.e., revoking the designated staff) has not actually occurred.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the third amended complaint. The Court **GRANTS** the motion to dismiss the Due Process and "Systemic Disability Abuse Continuation" claims, with prejudice. The Court **DENIES** the motion to dismiss the Section 504 disability discrimination claims based on a failure to provide reasonable accommodations. To the extent that defendant also moves to dismiss that part of plaintiff's TAC appealing ALJ Lunderman's November 2, 2021 decision regarding reasonable accommodations, the Court **DENIES** the motion to dismiss. This case will therefore move forward as an administrative appeal of the November 2, 2021 ALJ decision and on the claim for relief under Section 504 of the Rehabilitation Act.

The Court **STRIKES** plaintiff's proposed Fourth Amended Complaint from the docket.

13

Dkt. No. 35.

The Court **DENIES** plaintiff's administrative motion to add allegations regarding the reprisal claim to the TAC or FAC.  Dkt. No. 37.

**No later than November 3, 2023**, defendant shall produce to plaintiff: (1) the administrative record related to the appeal of the November 2, 2021 ALJ decision; and (2) any written communications between plaintiff and the Social Security Administration stemming from plaintiff's September 14, 2022 letter requesting reasonable accommodations. The administrative record referenced in (1) shall also be filed on the docket on ECF.

The Court sets an initial case management conference for **November 17, 2023, at 2:30 p.m.,** to be held over Zoom videoconference.  The parties shall file a joint case management statement **no later than November 10, 2023.**

**IT IS SO ORDERED**.

Dated: October 18, 2023

SUSAN ILLSTON
United States District Judge

14