UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS IBARRA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARTIN O'MALLEY, et al., <br><br> Defendants. | Case No. 23-cv-01037-SI <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** <br><br> Re: Dkt. Nos. 96, 97, 104 |

Plaintiff Nicolas Ibarra, through his guardian ad litem Laura Huitrón, moves for leave to file a fourth amended complaint to add a "reprisal" cause of action. Dkt. Nos. 96, 97, 104.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for September 20, 2024. For the reasons set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

On March 7, 2023, plaintiff—who is represented by counsel—filed this case challenging certain actions related to his Social Security disability benefits. On July 5, 2023, the Court granted

---

[1] On August 13, 2024, plaintiff filed a motion for leave to file a fourth amended complaint but did not attach the proposed complaint. Dkt. No. 96. Later that day, plaintiff filed another motion to amend the complaint, this time attaching the proposed Fourth Amended Complaint. Dkt. No. 97. On September 2, 2024, the day before his reply deadline, plaintiff filed a "corrected motion" correcting a docket citation at page 3, line 20, of the original motion. Dkt. No. 104. The Court has considered all of these filings, along with the government's opposition brief at Dkt. No. 101, plaintiff's reply brief at Dkt. No. 105, and the declarations plaintiff filed two days after the reply deadline at Dkt. No. 106. The matter is now fully briefed.

However, the Court admonishes plaintiff's counsel that his client is not well served by the disorderly (and in some cases untimely) manner of filing which has become a pattern in this case. Should plaintiff continue to file briefs and exhibits in this manner, the Court may in the future exercise its discretion <u>not</u> to consider any documents filed outside of the filing deadline.

defendant's motion to dismiss the Second Amended Complaint. Dkt. No. 20. Noting that plaintiff had already filed three different versions of the complaint, the Court gave plaintiff "one final opportunity to amend his complaint[,]" setting a deadline of July 19, 2023, for the filing of the Third Amended Complaint. *Id.* at 7-8.

In October 2023, the Court granted in part and denied in part defendant's motion to dismiss the Third Amended Complaint. Dkt. No. 42. The claims now remaining are: a Section 504 disability discrimination claim based on a failure to provide reasonable accommodations, and an administrative appeal of ALJ Lunderman's November 2, 2021 decision regarding reasonable accommodations. *See id.* at 13. In the October 2023 order, the Court denied plaintiff's motion to add allegations regarding a reprisal claim to the Third Amended Complaint or a Fourth Amended Complaint and struck the proposed Fourth Amended Complaint from the docket. *Id.* at 13-14.

Plaintiff now again moves for leave to file a Fourth Amended Complaint, stating that new facts have recently come to light regarding a reprisal threat made to plaintiff at some point "around 2023." *See* Dkt. No. 97-2 at 2. Plaintiff's motion, filed August 13, 2024, states that "[r]eprisal evidence just came to light six days ago even though it has been going on for 1.5 to 2 years . . . ." Dkt. No. 97 at 4. Plaintiff has filed a declaration from guardian ad litem Huitrón (plaintiff Ibarra's mother), dated August 7, 2024, that states, *inter alia*:

> 2. I have been emotionally upset primarily because my daughter and I were threatened by a SSA field office supervisor who said that if a discrimination lawsuit was filed, the SSA would take away Nicolas' SSI benefits like happened since January 2020 for approx. two years. I do not know why the SSA's and its lawyer would recommend me to be the GAL since I know little or nothing about the legal system or the SSA's programs. I did not know that in the beginning of 2022 the SSA wrote two letters stating that they would not permit me to be my son's rep payee. Thankfully, Mr. Bruce explained that he and another lawyer argued with two SSA lawyers to allow me to be Rep. Payee near the end of 2022. My goal as the GAL was to dismiss this case even though it was filed in March 2023.
> . . .
>
> 5. Again, I was afraid of the SSA supervisors name Susan from the Redwood City office around 2023 and I felt threatened and emotionally distraught that if I pursue this discrimination lawsuit that my son would loss [sic] his benefits. My daughter, Gloria was telling me to get the case dismissed and I am sorry for the trouble I may have caused. Mr. Bruce said he needed the name and dates of the SSA threat so he could amend the complaint to reflect this "unlawful"

2

> conduct which he referred to as a "reprisal" which is illegal. It was not until July 12, 2024 that I understood directly from my son that this case was and is important to him.
>
> 4 [sic]. It has been my fear of the threat /reprisal and my daughter's plan and the fact the SSA has a document signed by Gloria stating that Nicolas' family is against this case, that I went against the wishes of my son and gave Mr. Bruce such a difficult time.

Dkt. No. 97-2 at 1-2. Defendant opposes plaintiff's motion. Dkt. No. 101.

## LEGAL STANDARD[2]

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may not be modified without a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement primarily considers the "diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While the degree of prejudice to the opposing party may "supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* If the party can show good cause, they must also demonstrate amendment is proper under Rule 15(a)(2). *Mammoth Recreations*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

## DISCUSSION

Plaintiff has not shown good cause to amend the complaint at this stage, following numerous prior versions of the complaint and a failed attempt last year to add a reprisal allegation. The current proposed amendment fails for some of the same reasons that plaintiff's prior attempt to add a reprisal claim failed: that plaintiff has failed to identify the authority that supports such a claim, and that plaintiff did not plead plausible facts from which the Court can infer that the Social Security Administration retaliated against plaintiff. *See* Dkt. No. 42 at 11-13.

Plaintiff's filings are difficult to decipher, replete with typos and other errors that make the

---

[2] Plaintiff's papers do not address which legal standard applies to his motion for leave to amend. Given that the Court previously set a "final" deadline for plaintiff to file a Third Amended Complaint, and that the Court denied plaintiff's prior attempt to file a Fourth Amended Complaint, Dkt. No. 20 at 7-8, the Court finds that the "good cause" standard of Federal Rule of Civil Procedure 16 applies. However, even if the Court were to apply the more lenient amendment standard under Rule 15, plaintiff's motion would fail for the same reasons stated in this order.

3

argument hard to follow. The Court will not engage in guesswork to figure out under what legal authority plaintiff bring his reprisal claim. Plaintiff is represented by counsel and the Court has in two prior orders instructed plaintiff to "**clearly articulate what claims for relief (causes of action) he is bringing.**" Dkt. No 42 at 6 (quoting Dkt. No. 20 at 7). Plaintiff's papers refer to retaliation under the Americans with Disabilities Act based on an adverse employment decision, Dkt. No. 96 at 4, and to intentional discrimination under the Age Discrimination in Employment Act of 1967, Dkt. No. 105 at 1 (citing *Gomez-Perez v. Potter*, 553 U.S. 474 (2008)). Neither standard applies to the facts of this case.

The Court further finds plaintiff has not been diligent in bringing this claim. Plaintiff has been seeking to add a reprisal claim to his case since July 2023. *See* Dkt. No. 25 (Third Amended Complaint, referencing reprisal). Even assuming plaintiff is correct that new facts recently came to light regarding this claim, nothing in the record suggests that proper investigation could not have uncovered these "new" facts a year earlier, when plaintiff first sought to add this claim.

Additionally, the proposed Fourth Amended Complaint includes a Due Process claim, which the Court previously dismissed with prejudice. *See* Dkt. No. 42 at 9; Dkt. No. 97-3 at 11. Plaintiff's counsel is aware the claim was dismissed, including in the proposed Fourth Amended Complaint this footnote: "The undersigned did not know why this court granted Defendant's objection and dismissed Due Process because the colorable claim and collateral requirements are satisfied." *See* Dkt. No. 97-3 at 11 n.10. Counsel's disagreement with the Court's prior ruling is not a reason to continue to bring a claim that the Court dismissed with prejudice. Plaintiff's counsel is hereby on notice that future conduct of this sort may subject plaintiff's counsel to appropriate sanctions.

## CONCLUSION

The Court DENIES plaintiff's motion for leave to file a Fourth Amended Complaint.

**IT IS SO ORDERED**.

Dated: September 10, 2024

SUSAN ILLSTON
United States District Judge