UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS IBARRA,<br><br>       Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY,<br><br>       Defendant. | Case No. 23-cv-01037-SI<br><br>**ORDER DENYING MOTIONS TO COMPEL AND SETTING BRIEFING SCHEDULE ON MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 100, 102, 112 |

Plaintiff has filed two motions to compel and a motion to vacate the Court's prior order. The Court held a hearing on October 25, 2024. The Court now rules as follows.

**Motion to Compel Production of Documents (Dkt. No. 100): DENIED**. Plaintiff's counsel is directed to review the documents that have already been produced, which the government represents contain the underlying exhibits on which the January 2020 ALJ decision relied. Plaintiff conceded at the hearing that the January 2020 ALJ decision, which found plaintiff disabled, was not appealed. The government does not prepare formal administrative records with exhibit tabs for administrative decisions that are not appealed.

The government also indicated at the hearing that it in the process of producing additional documents and that it will do so this week.

**Motion to Compel Compliance with Third-Party Subpoena (Dkt. No. 102): DENIED as moot.** The record indicates that the California Department of State Hospitals has instructed plaintiff's counsel on the various methods for obtaining a copy of plaintiff Nicolas Ibarra's medical chart. At the hearing, the Court directed counsel for the State to re-send plaintiff's counsel the

release form that Mr. Ibarra must sign.  The Court also directed plaintiff's counsel to make efforts to obtain Mr. Ibarra's signed release[1] on the hospital's form.  Counsel for the State has indicated that once they receive the release signed by Mr. Ibarra, they will remit his Atascadero State Hospital medical chart to counsel.

**Motion to Vacate (Dkt. No. 112)**: The Court construes this as a motion for reconsideration of the Order at Dkt. No. 109 and DEFERS ruling on the underlying motion.

This is effectively a motion for reconsideration of the Court's prior order denying plaintiff leave to amend the complaint to add a reprisal claim.  Although plaintiff did not follow the Civil Local Rules requiring leave of the Court before filing a motion for reconsideration, *see* Civ. L.R. 7-9(a), the Court will grant leave to file a motion for reconsideration and will construe the motion filed at Dkt. No. 112 as such motion.  If it is true that someone at the SSA field office threatened Ms. Huitron that Mr. Ibarra's benefits would be cut off if she filed this disability discrimination lawsuit, then it is conceivable that plaintiff may have a claim, for instance, for a procedural due process or First Amendment violation.  The *Court takes no position on the merits of the claim at this time, and this Order does not grant leave to amend the complaint at this time.*  This is simply permission for plaintiff to move for reconsideration of the Order at Dkt. No. 109.

The government has asked that, if the Court is inclined to entertain the motion, that it be permitted to file a response.  The Court agrees.  **The government's response to the motion for reconsideration (Dkt. No. 112) is due no later than November 12, 2024.  Plaintiff's optional reply brief is due no later than November 19, 2024.**  Unless the Court informs the parties otherwise, the matter will be deemed submitted without a hearing.  *See* Civ. L.R. 7-1(b).

**IT IS SO ORDERED**.

Dated: October 29, 2024

_____
SUSAN ILLSTON
United States District Judge

---

[1] The release must be signed *by Mr. Ibarra*, not by his mother who is acting as guardian ad litem in this lawsuit.

2