UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS IBARRA,<br><br>    Plaintiff,<br><br>    v.<br><br>SSA (INTERESTED PARTY / NEF), et al.,<br><br>    Defendants. | Case No. 23-cv-01037-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 112 |

This case has been pending since March 7, 2023. On September 10, 2024, the Court issued an order denying plaintiff's motion for leave to file a fourth amended complaint to add a "reprisal" claim. Dkt. No. 109.

Now before the Court is plaintiff's motion filed at Dkt. No. 112, which the Court has indicated it will construe as a motion for reconsideration of the Court's order at Dkt. No. 109. Following an October 25 hearing on this and several other motions, the Court set a briefing schedule. Dkt. No. 128. The government has since filed an opposition brief and plaintiff has filed a reply. Dkt. Nos. 132, 133. As indicated in the scheduling order, this matter is deemed appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b).

The Court DENIES the motion because it does not meet the standard for reconsideration under this district's Civil Local Rules. *See* Civ. L.R. 7-9(b). The Court previously found that plaintiff's proposed fourth amended complaint failed to articulate the legal theory for the reprisal claim, *see* Dkt. No. 109 at 3-4, and the present briefing adds no clarity in this regard.[1] Plaintiff's

---

[1] For instance, the earlier papers referred to retaliation under the Americans with Disabilities Act based on an adverse employment decision and to intentional discrimination under the Age Discrimination in Employment Act of 1967, both of which are inapplicable to the facts here. *See* Dkt. No. 109 at 4. Now, plaintiff's reply brief continues to reference retaliation in the employment

reply brief, Dkt. No. 133, also entirely fails to clarify the factual grounds for reprisal on which plaintiff's motion for leave to amend the complaint was based. As the government notes in its opposition, Dkt. No. 132, the facts as alleged do not add up, where it is alleged that a SSA field office supervisor threatened Ms. Huitrón at some point in 2023, where Mr. Ibarra filed this lawsuit in March 2023, where Ms. Huitrón was not appointed guardian ad litem in this case until March 2024, and where no one contends that Mr. Ibarra's benefits were ever terminated in retaliation for filing suit.

In sum, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: December 3, 2024

_____
SUSAN ILLSTON
United States District Judge

---

context, citing a case invoking the whistleblower protections of the American Recovery and Reinvestment Act. *See* Dkt. No. 133 at 5.

In 2023, the Court also rejected plaintiff's proposed amendment to add a reprisal claim, based on a different set of facts, in part for the same reason: the failure to articulate the legal authority for the claim. *See* Dkt. No. 42 at 12.

2