UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLAS IBARRA, et al.,

    Plaintiffs,

    v.

SSA (INTERESTED PARTY / NEF), et al.,

    Defendants.

Case No. 23-cv-01037-SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 153

On February 21, 2025, the government filed a motion to dismiss this Social Security action for lack of subject matter jurisdiction. Dkt. No. 153. The Court found the matter appropriate for resolution without oral argument, vacated the hearing, and ordered the parties to file a joint status report by April 18, 2025, regarding the status of plaintiff Nicolas Ibarra's release from county custody and the status of his state court criminal proceedings. Dkt. No. 157. The parties have now filed their joint statement, and on May 1, 2025, plaintiff filed an update to the statement. Dkt. Nos. 158, 159.

**DISCUSSION**

The Court will DENY defendant's motion to dismiss. This case, which has been pending since 2023, involves both an appeal from a decision by an Administrative Law Judge as well as a claim of disability discrimination in violation of Section 504 of the Rehabilitation Act. Plaintiff seeks relief against the Social Security Administration ("SSA") in the form of reasonable accommodations to accommodate his disability of schizophrenia in his interactions with the agency. Previously, after plaintiff was found eligible to receive Supplemental Security Income ("SSI") benefits, his benefits were delayed for approximately two years on the basis of plaintiff's

misstatements to the SSA regarding his financial resources. He asserts the misstatements were made as a result of his disability and that his interactions with the agency would not have resulted in a two-year delay of benefits if reasonable accommodations had been in place. He seeks injunctive relief to prevent these sorts of disability-related stoppages in benefits going forward.

While this action was pending, in December 2023, plaintiff was arrested for assault on a police officer and vandalism. He has been in state custody ever since, either at Atascadero State Hospital or, now, at San Mateo County Jail. On February 1, 2025, plaintiff's SSI was terminated due to residing in a public institution in non-pay status for more than one year. Dkt. No. 153-1 ("Marinsantos Decl.") ¶¶ 8-10. SSA asserts that plaintiff is no longer receiving SSI benefits but may reapply once he has a court-documented release date. *Id.* ¶ 11.

On February 21, 2025, defendant filed this motion to dismiss on mootness grounds, arguing that because plaintiff's SSI benefits have been terminated and his future eligibility rests on a "number of unknown variables" this suit is now moot, and the Court lacks subject matter jurisdiction. Dkt. No. 153 at 8. Plaintiff argues that he is eligible for SSI benefits, that he has been approved for mental health diversion, and that one of the reasons he remains in custody is that a suitable bed is not available for him, in part due to his current lack of SSI benefits. The current record indicates that plaintiff's expected release date has been pushed out several times. The April 18 status report indicated that a residential placement had been located for plaintiff and that the plaintiff was willing to work with him on his SSI application after he was released, Dkt. No. 158 at 7, but that apparently changed: the May 1 update indicates that placement fell through due to lack of SSI funding being in place. Dkt. No. 159 at 3.

Article III requires the existence of a "case or controversy" through all stages of federal judicial proceedings. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Thus, a claim is moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: ". . . no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments. . . ." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). "The court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the [case]." *Pub. Utils. Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996) (citations omitted). The

2

1 party asserting mootness bears the heavy burden of establishing that there is no effective relief that
2 the court can provide. *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) (citation
3 omitted).

4     Here, the parties' papers are replete with factual disputes, including disputes about whether
5 plaintiff has adequately followed the procedures needed to re-apply for SSI.[1] What is not in dispute,
6 however, is that plaintiff is eligible for release from custody, *see* Dkt. No. 158 at 4-5, and that he is
7 actively engaged in trying to re-apply for SSI benefits so that those benefits will be available as soon
8 as possible upon his release. Nothing about the current posture of the case indicates that this case
9 has become moot or that there is no effective relief the Court can provide. *See Forest Guardians*,
10 450 F.3d at 461 ("a case is not moot where *any* effective relief may be granted") (citation omitted).
11 The injunctive relief he seeks of reasonable accommodations in interacting with the Social Security
12 Administration are just as live as ever. If anything, the injunctive relief plaintiff seeks has become
13 more urgent, now that his benefits have been terminated and he must navigate the complicated
14 process of re-applying for SSI while still in custody.

15     Accordingly, the Court finds plaintiffs' disability discrimination claim is not moot and that
16 this Court maintains subject matter jurisdiction over the claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss. The Court sets a further case management conference for **June 6, 2025, at 3:00 p.m.** over Zoom video conference, with a joint case management statement due one week prior.

**IT IS SO ORDERED**.

Dated: May 6, 2025

SUSAN ILLSTON
United States District Judge

---

[1] In their April 18, 2025 joint statement, the parties agree that Mr. Ibarra's 2025 SSI application is currently pending and that no further action is needed from him at this time. Dkt. No. 158 at 2.

3