UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS IBARRA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SSA (INTERESTED PARTY / NEF), et al.,<br><br>    Defendants. | Case No. 23-cv-01037-SI<br><br>**ORDER DENYING PLAINTIFF'S DISCOVERY REQUEST WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 178, 179 |

The parties to this action have filed separate discovery dispute statements. Dkt. Nos. 178, 179. It is unclear from the statements precisely what relief plaintiff requests and whether any items remain in dispute. Plaintiff's statement says that the discovery dispute is about plaintiff's RFP No. 2, Exh. A.[1] Dkt. No. 178 at 1. However, RFP No. 2 is a request for Social Security policies. Most of the discovery dispute statement discusses the need for access to plaintiff's claims file, "associated SSI MSSICS file," and notices from the Social Security Administration. *Id.* at 1-2. Although there is some reference in the statement to the need for Social Security policies, it is unclear what policies are in dispute. Plaintiff quotes an email exchange from September that states, "The Agency will produce additional documents regarding the Agency's policies, practices, and procedures related to reasonable accommodation and effective communication." *Id.* at 1. It is unclear whether plaintiff is still seeking policies or whether those policies have been produced since September.

Defendant states that plaintiff's entire digital claims file and MSSICS documents were already produced in August and September and that defendant is now re-reviewing these documents to confirm production. Dkt. No. 179 at 2-3. In addition, defendant states that the notice of a January

---

[1] There is no "Exhibit A" to the discovery dispute statement.

24, 2020 interview that plaintiff said was missing has now been collected for production and that defendant has also agreed to produce training documents. *Id.*

Because the Court finds that plaintiff's discovery statement lacks clarity regarding what remains in dispute, and because it appears that defendant is in the process of re-reviewing and producing additional material, the Court **DENIES** plaintiff's request for a discovery order at this time. The Court **ORDERS** the parties to meet and confer **no later than January 16, 2026,** regarding the remaining disputes, if any, and the timing of defendant's production. If a dispute remains **after a good faith attempt at meeting and conferring**, the parties may re-file a discovery dispute statement that conforms with the undersigned's Standing Order.

**IT IS SO ORDERED**.

Dated: December 30, 2025

_____
SUSAN ILLSTON
United States District Judge