UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLAS IBARRA, et al.,

        Plaintiffs,

    v.

SSA (INTERESTED PARTY / NEF), et al.,

        Defendants.

Case No. 23-cv-01037-SI

**ORDER GRANTING MOTION TO SUBSTITUTE NICOLAS IBARRA FOR GUARDIAN AD LITEM**

Re: Dkt. No. 183

Now before the Court is plaintiff's motion to substitute Nicolas Ibarra in place of the guardian ad litem in this action. Dkt. No. 183. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument and VACATES the hearing set for February 6, 2026.

On March 29, 2024, following a hearing, this Court appointed Laura Huitrón as guardian ad litem ("GAL") for her son, plaintiff Nicolas Ibarra, who was found not competent in his state court criminal proceedings and who was committed to a state hospital for an undetermined period. Dkt. No. 74. This Court later denied motions by plaintiff's counsel to substitute Mr. Ibarra back into this case and to remove Ms. Huitrón as GAL. Dkt. Nos. 90, 98. In its most recent denial order, this Court specified that the denial was without prejudice and that plaintiff could re-file a motion to substitute the GAL if "accompanied by supporting evidence." Dkt. No. 98 at 2.

Several things have changed since the filing of the last motion for substitution of GAL. First, Mr. Ibarra is no longer in state custody but is living in the community with supportive services in place. *See* Dkt. No. 187-1, Center Decl. ¶ 6. Second, the motion is accompanied by documentation from Mr. Ibarra's current treating psychiatrist, who explains that Mr. Ibarra is stable on his medications and that he is competent to manage his case with the assistance of legal counsel. Dkt.

*United States District Court*
*Northern District of California*

No. 183-1, Mot., Ex. 1.

As summarized by one treatise,

> The authority of a representative under [Federal] Rule [of Civil Procedure] 17(c) does not necessarily survive until the action has been terminated; rather, the representative's power is dependent upon the continued disability of the person being protected. State law controls the question whether the represented party's disability has ended during the action and, once it is determined that this has occurred, the fiduciary loses authority to maintain the suit on behalf of the former infant or incompetent.

6A Wright & Miller's Fed. Prac. & Proc. Civ. § 1570 (3d ed.). The California Court of Appeal has "read the statutory authorization for the appointment of a guardian ad litem in proceedings under the Probate Code as authorization for maintaining such appointment only so long as the grounds for the appointment continue to exist." *Chui v. Chui*, 86 Cal. App. 5th 929, 938 (2022).

Here, the letter from Mr. Ibarra's treating psychiatrist and the reply declaration from attorney Claudia Center show that the original reasons for appointing Mr. Ibarra's mother as GAL in this litigation no longer exist. Accordingly, the Court GRANTS the motion for substitution of Mr. Ibarra in place of the GAL in this case. Ms. Huitrón is relieved from her role of acting as GAL for Mr. Ibarra in this case.

**IT IS SO ORDERED**.

Dated: February 2, 2026

_____
SUSAN ILLSTON
United States District Judge

2